PER CURIAM:
Claimants brought this action for vehicle damage which occurred as a result of Kathy Mullins’ vehicle striking a rock while traveling northbound on State Route 10 in Logan County. State Route 10 is a road maintained by respondent in Logan County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on February 15, 2003, at approximately 5:30 a.m. to 6:00 a.m. On the rainy and foggy morning in question, claimant Kathy Mullins was traveling northbound on State Route 10 on Lybum Mountain in her 1994 Pontiac Grand Am SE.. State Route 10 is a two-lane road that is marked as a “falling rock” area with a speed limit of fifty-five miles per hom-. Mrs. Mullins was on her way to work the morning of the incident, and she was driving around twenty-five to thirty miles per hour due to the conditions. Claimant was proceeding around a curve when a truck coming at her in the opposite lane caused her to drive over a rock that had *160 fallen into her lane of the road. The rock had fallen from a mountainside adjacent to the northbound lane in which claimant was driving. Mrs. Mullins stated that the rock was about ten inches high, forty-eight inches long, and thirty-six inches wide. After driving onto the rock, claimant was unable to get her car off of the rock, as it would not go into any gear. Eventually she was able to put the car into neutral and coast down the road to a gas station. Claimants’ vehicle sustained damage to the transmission and the oil pan totaling $1,321.00. Claimants’ insurance deductible was $1,000.00.
The position of the respondent was that it did not have notice of the rocks on State Route 10. Respondent admitted that the area in question is a rock fall area and stated that there are “rock fall” signs located on each side of State Route 10 to warn a driver proceeding up the mountain. On the morning of the incident-herein, Terry Ellis, Transportation Crew chief for respondent in Logan County, testified that there were many telephone calls to the office as soon as it opened around 7:30 a.m. due to the heavy rainfall that had taken place the previous night. Respondent sent crews out to alleviate the problems on their routes. Mr. Ellis testified that the only call and the only work done on State Route 10 that morning was for a drainage problem. There was one call about a rock fall, but it was not for State Route 10. Respondent maintains that there was no prior notice to respondent of any rocks on State Route 10.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Prittv. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimants have not established sufficient evidence that respondent failed to take adequate measures to protect the safety of the traveling public on State Route 10 in Logan County. Respondent has placed “falling rock” warning signs to warn the traveling public of the potential for rock falls at this location. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.